NOTE CHANGES MADE BY
THE COURT

1  David J. Weiss, Esq., (SBN 78542)
2  weissd@djwlaw.com
3  Nicholas A. Weiss, Esq. (SBN 260606)
   weissn@djwlaw.com
4  Margaret Byrne Ikeda, Esq. (SBN 222303)
5  ikedam@djwlaw.com
   **DAVID WEISS LAW**
6  11340 W. Olympic Boulevard, Suite 100
7  Los Angeles, California 90064
   *Attorneys for Defendants,*
8  COUNTY OF LOS ANGELES,
9  LOS ANGELES COUNTY DEPARTMENT
   OF CHILDREN AND FAMILY SERVICES,
10 MARCIA THOMPSON, and NANCY RAMIREZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M., a minor, by and through her Guardian ad Litem, CANDICE WADLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, a public entity; MARCIA THOMPSON, an individual; NANCY RAMIREZ, an individual; and DOES 1 through 10, inclusive, | Case No.: 2:19-cv-02100-FWS (PLAx)<br><br>[Assigned to the Hon. Fred W. Slaughter, United States District Judge]<br><br>[PROPOSED] **STIPULATED PROTECTIVE ORDER** |

/ / /

1
**JOINT STIPULATION AND PROTECTIVE ORDER**

Plaintiff A.M. a minor, by and through her Guardian *ad Litem*, CANDICE WADLEY, an individual, ("Plaintiff"), Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, MARICA THOMPSON, and NANCY RAMIREZ ("County Defendants") through their counsel of record, stipulate as follows based on the following facts:

## RECITALS

1. On May 14, 2018, Plaintiff filed a lawsuit against Defendants regarding the Defendants' alleged negligent placement of A.M. in an unsafe foster home.

2. The records maintained by the County of Los Angeles consist of confidential information regarding the minor Plaintiff, including, but not limited to, Protected Health Information (PHI) including mental health information protected by state and federal privacy laws, including HIPAA and the regulations promulgated thereunder, the psychotherapist-patient privilege (*Evidence Code* section 1010 *et seq*.), the Lanterman-Petris Short Act ("LPS Act") (*Welfare & Institutions Code* section 5328 *et seq*.), and by the California Constitution (Article I, Section 28(b)(4)).

3. In addition, other sensitive records exist that may not currently be in the possession of the County of Los Angeles that consist of confidential information regarding the minor Plaintiff, including, but not limited to, Foster Family Agency ("FFA") records, medical records, and mental health records, including records from a psychologist. Further, these sensitive records may not have been included in the previous protections provided by the Juvenile Court but require protection from improper disclosure.

4. Based on the parties' concerns regarding dissemination of the documents related to the issues and discovery which will be involved in the claim and defense to this matter, the parties stipulate as follows:

2
**JOINT STIPULATION AND PROTECTIVE ORDER**

# STIPULATION

## 1. GENERAL

### 1.1. Purposes and Limitations

Discovery in this action is likely to involve the production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### 1.2. Good Cause Statement

#### 1.2.1. *Welfare & Institutions Code* section 827 records

This civil rights action arises out of a series of events that occurred in state juvenile dependency court. Specifically, Plaintiff has asserted civil rights claims under 42 U.S.C. section 1983 and breach of mandatory duties (*Gov't Code* §§ 815.2, 815.6) against Defendants alleging that the sexual assault of A.M. was a result of the intentional misconduct and/or negligence of Defendants.

The parties to this civil action, in preparation of their respective cases, require access to and copies of the juvenile case files in the underlying juvenile dependency action (LASC Case Nos. DK05711C and 19REQ0097). Plaintiff does not object to a court order allowing the parties to produce the juvenile case files as defined in *Welfare & Institutions Code* section 827(e) and Rules of Court, Rule 5.552.

The Plaintiff and Defendants are both in possession of portions of the juvenile case files. However, *Welfare & Institutions Code* section 827 provides that a juvenile's "case file" is "confidential" and may only be inspected by people

1  identified in the statute or through a court order. *See Wel. & Inst. Code* § 827. The
2  term "juvenile case file" is defined by section 827(e), which provides as follows:
3  "For purposes of this section, a 'juvenile case file' means a petition filed in any
4  juvenile court proceeding, reports of the probation officer, and all other
5  documents filed in that case or made available to the probation officer in making
6  his or her report, or to the judge, referee, or other hearing officer, and thereafter
7  retained by the probation officer, judge, referee, or other hearing officer." *Wel. &*
8  *Inst. Code* § 827(e). California Rules of Court, Rule 5.552(a) defines the "juvenile
9  case file" as: (1) All DOCUMENTS filed in a juvenile court case; (2) Reports to
10 the court by probation officers, social workers of child welfare services programs,
11 and CASA volunteers; (3) DOCUMENTS made available to probation officers,
12 social workers of child welfare services programs, and CASA volunteers in
13 preparation of reports to the court; (4) DOCUMENTS relating to a child
14 concerning whom a petition has been filed in juvenile court that are maintained in
15 the office files of probation officers, social workers of child welfare services
16 programs, and CASA volunteers; (5) Transcripts, records, or reports relating to
17 matters prepared or released by the court, probation department, or child welfare
18 services program; and (6) DOCUMENTS, video or audio tapes, photographs, and
19 exhibits admitted into evidence at juvenile court hearings.
20       Given the confidential nature of juvenile case files, *Welfare & Institutions*
21 *Code* section 827 strictly limits the inspection and release of such files, as well as
22 "any portion thereof" and any "information relating to the content of the juvenile
23 case file." *Wel. & Inst. Code* § 827(a)(4). To that end, section 827 enumerates a
24 list of limited persons who are authorized to inspect a juvenile case file without a
25 court order (*Id.*, subd. (a)(1)(A)-(P)), and in turn, provides that authorized person
26 may not disclose information from the juvenile file to an unauthorized person
27 without a court order. *Id.*, subd. (a)(4). Persons not enumerated in the statute may
28 only inspect such files "by court order of the judge of the juvenile court upon

**JOINT STIPULATION AND PROTECTIVE ORDER**

filing a petition." *Id.*, subd. (a)(1)(Q). Rule 5.552 of the California Rules of Court and Rule 7.2 of the Los Angeles Superior Court set forth the petition procedure.

Thus, in order to avoid further delay, in the interests of preserving resources and judicial economy, and with a good faith belief that disclosing the records, the parties hereby stipulate to disclose to Outside Counsel of Record for each other, only, the portions of the juvenile case files that are within their possession, custody, possession, or control.

Pursuant to the procedures set forth herein, Plaintiff and Defendants shall produce to Outside Counsel of Record for each other, only, all redacted documents, items, and information contained in its file for Juvenile Dependency Case Nos. DK05711C and 19REQ0097, and any documents, items, or information in its possession pertaining to any referrals to DCFS involving any of the Plaintiff and Defendants in this action, including:

A. *Welfare & Institutions Code* section 300 Petitions, original and all as-amended versions;

B. All pleadings and motions;

C. All Reports (e.g., Detention, Jurisdiction, Disposition, Addendum, Supplemental, "Last Minute Information," MAT Reports, etc.);

D. Minute orders, all other court orders;

E. All notices of hearings;

F. Any complete or portions of transcripts from hearings held before the juvenile court in DK05711C and 19REQ0097 contained in DCFS's files;

G. Any letters from witnesses, therapists, social workers, family relatives of parent(s)/child(ren), collateral contacts, service providers, or others;

H. Any documents pertaining to shelter / foster care placement of

5
**JOINT STIPULATION AND PROTECTIVE ORDER**

the child(ren), including but not limited to foster care placement related evaluations (physical, medical, psychological) of the child(ren), x-rays, immunization records, medical charts and chart notes, etc.;

I. All law enforcement reports;

J. All Delivered Service Logs;

K. All Detention/Jurisdiction/Supplemental/Investigative Information reports;

L. All Last Minute Information Reports;

M. All multi-disciplinary assessment team ("MAT") Reports;

N. All medical and mental health records;

O. All audio or video recordings (should any exist); and,

P. Any other information or documentation of any kind, nature, or sort, including emails, desired by any Party and contained within its files or retrievable from the Child Welfare Services Case Management System ("CWS/CMS") or any other computer system used by DCFS, and any and all other information, documents or tangible items (hereafter collectively referred to as "Protected Documents.").

2. **DEFINITIONS**

2.1. **Action:** *A.M., by and through her guardian ad litem, Candace Walley* v. *County of Los Angeles, et al.*, Case No. 2:19-cv-02100 JWH-PLAx.

2.2. **Challenging Party:** A Party or Non-Party that challenges the designation of information or items under this Order.

2.3. **Designating Party:** A Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

/ / /

/ / /

2.4. **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.5. **House Counsel:** Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.6. **Non-Party:** Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.7. **Outside Counsel of Record:** Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.8. **Party:** Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.9. **Producing Party:** A Party that produces Protected Documents.

2.10. **Professional Vendors:** Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11. **Protected Material:** See definition above in Good Cause Statement.

2.12. **Receiving Party:** A Party that receives Protected Documents from a Producing Party.

/ / /
/ / /
/ / /
/ / /
/ / /

7
**JOINT STIPULATION AND PROTECTIVE ORDER**

3. **SCOPE**

Any use of Protected Documents at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Documents at trial.

The Protected Documents will be disclosed to Outside Counsel of Record under the condition that the following information will be withheld and/or redacted:

    A.    Information that is covered by the attorney-client or attorney work product privileges;

    B.    Identifying information of minors other than A.M and A.T.;

    C.    Identifying information of individuals who have reported suspected child abuse or neglect;

    D.    Mental Health Information-Psychological Evaluations and Up Front Assessment;

    E.    Medical Records;

    F.    Live Scan/CLETS Results

    G.    DCFS Case History relating to other parties

    H.    Police Report

    I.    Confidential Placement of child or parent

    J.    Personal Identification Numbers

    K.    Adoption Records

Any court reporter presented with this order who recorded any proceedings in the aforementioned juvenile matters (Case Nos. DK05711C and 19REQ0097), shall, at the expense of the requesting party, prepare a transcript of any proceeding for which a transcript is requested, and the requesting party shall pay the costs associated with the preparation of the transcript. Any transcripts thereafter generated will be deemed Protected Documents and will be governed by this Order. The transcripts shall be mailed to the requesting party, and costs of mailing included in the request for payment by the court reporter. The non-requesting

party shall pay the requesting party for the cost of duplication should they desire a copy of the transcript.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment hereinafter the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED DOCUMENTS**

All documents produced by Plaintiff and Defendants that compromise the Protected Documents will be clearly designated as "CONFIDENTIAL." The "CONFIDENTIAL" designation shall be placed on the printed pages of the Protected Documents in the footer or a manner that does not overwrite or make illegible the text of the document.

**6. RESOLVING DISPUTES**

Any disputes between the parties regarding the propriety of any redactions made and/or information/documents withheld from the production of the Protected Documents, shall be resolved pursuant to an Informal Discovery Conference. **Any discovery dispute not resolved by the parties may only be brought to the Court utilizing the procedures set forth in Local Rule 37.**

**7. ACCESS TO AND USE OF PROTECTED DOCUMENTS**

7.1. **Basic Principles.** A Receiving Party may use Protected Documents that are disclosed or produced by another Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Documents may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a

Receiving Party must comply with the provisions of the section below titled "FINAL DISPOSITION."

Protected Documents must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. **<u>Disclosure of Protected Documents</u>**. The Protected Documents and all information contained therein, may only be disclosed with the above-identified redactions to the following "qualified" persons:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the parties, the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient or subject of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and Outside Counsel of Record for witnesses, in the Action to whom disclosure is reasonably necessary

10
**JOINT STIPULATION AND PROTECTIVE ORDER**

provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) unless otherwise agreed by the Designating Party or ordered by the Court;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) The court reporter, deposition officer, videographer, and audiographer, if any, who record all or part of any future deposition(s) in this matter.

**8.    UNAUTHORIZED DISCLOSURE OF PROTECTED DOCUMENTS**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Documents to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Documents, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work-product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 10. MISCELLANEOUS

**10.1. Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The parties do not waive their right to seek review of any order of the court regarding disclosure of the Protected Documents.

**10.2. Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**10.3. Filing Protected Material.** Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.

## 11. FINAL DISPOSITION

At the conclusion of this litigation, and expiration of all appeal periods, the Receiving Parties and every other person and/or entity who received originals or copies of the Protected Documents shall destroy all such material and material derived there from – except as described below – within thirty (30) calendar days

after the conclusion of this case and expiration of all appeal periods. Materials or documents filed under seal and/or made part of the case record shall not be destroyed. Plaintiff – as an individual entitled to the juvenile records and/or documents without a court order under *Welfare & Institutions Code* section 827 – may opt to retain and/or keep the juvenile records and/or documents at the conclusion of the lawsuit.

**12. VIOLATION OF ORDER**

Any violation of this Order by any party may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Plaintiff releases the County of Los Angeles, its officials, its employees, and its House Counsel from liability for producing or disclosing redacted juvenile case files to Outside Counsel of Record pursuant to this Stipulated Protective Order.

Plaintiff releases Outside Counsel of Record from liability for accessing or using in this Action the redacted juvenile case files that are produced or provided pursuant to this Protective Order.

Plaintiff's release shall not extend to any viewing, inspection, use, disclosure, or dissemination of unredacted juvenile case files or related records.

Plaintiff's release shall not extend to any viewing, inspection, use, disclosure, or dissemination of juvenile case files or related records or information of any nature whatsoever which occurred prior to the entry of this protective order.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

13
**JOINT STIPULATION AND PROTECTIVE ORDER**

1  Plaintiff's release shall not extend to any violation of this Protective Order.
2  This Stipulation may be signed in counterparts and transmitted via facsimile.
3  **IT IS SO STIPULATED.**
4  Dated: June 27, 2022                **SOCAL JUSTICE LAW GROUP**

By: *George D. Tourkow*
Jennifer A. Bandlow, Esq.
George D. Tourkow, Esq.
Attorneys for Plaintiff,
A.M., a minor, by and through her guardian *ad Litem*,
CANDICE WADLEY

Dated: June 27, 2022                **DAVID WEISS LAW**

By: _____
David J. Weiss, Esq.
Nicholas A. Weiss, Esq.
Margaret Byrne Ikeda, Esq.
Attorneys for Defendants,
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, MARCIA THOMPSON and NANCY RAMIREZ

**JOINT STIPULATION AND PROTECTIVE ORDER**

**ORDER**

IT IS SO ORDERED.

DATED: June 28, 2022

*Paul L. Abrams*

HONORABLE PAUL L. ABRAMS
United States Magistrate Judge

**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

# EXHIBIT A

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____, am about to receive Confidential Materials supplied in connection with the Proceeding (2:19-cv-02100-FWS (PLAx). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.  I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order.  I will not copy or use, except solely for the purpose of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this _____ day of ____, 2022 at _____.

_____